IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNHILL ENTERPRISES, L.P.,<br><br>    Defendant. | Case No.: C-12-01458 JSC<br><br>**ORDER GRANTING THIRD-PARTY DEFENDANT JOANNA CHAU'S MOTION TO SET ASIDE DEFAULT (Dkt. No. 39)** |
| SUNHILL ENTERPRISES, L.P.,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>JOANNA CHAU,<br><br>    Third-Party Defendant. | |

In this lawsuit under the Americans with Disabilities Act ("ADA"), Third-Party Defendant Joanna Chau ("Chau") moves to set aside the Clerk's entry of default in favor of Third-Party Plaintiff Sunhill Enterprises, LP ("Sunhill"). (Dkt. No. 39.) Because the Court finds the motion

suitable for disposition without oral argument pursuant to Local Rule 7–1(b), the Court VACATES the hearing set for December 5, 2013. After carefully considering the parties' briefing, the Court GRANTS the motion.

## BACKGROUND

Ms. Chau owns Banh Thai restaurant in Fremont, California. In March 2012, Plaintiff David Johnson filed his ADA claims against Sunhill—the owner of the building in which Banh Thai operates—alleging that the restaurant was inaccessible. Specifically, Plaintiff alleged that the accessible parking spots that serve the restaurant were "improperly configured," and the bathroom lacked a grab bar and an accessible door handle. (Dkt. No. 1 ¶ 13.) Six months after Plaintiff filed his Complaint, Sunhill filed a Third-Party Complaint against Chau, seeking indemnification and attorney's fees pursuant to their lease agreement.

Ms. Chau appeared in this action and, after briefly being represented by counsel, has proceeded pro se. She attended a case management conference before this Court on March 1, 2013, at which she agreed to attend mediation. Chau attended the mediation session and, according to her declaration, was told that two more mediation sessions might occur. (Dkt. No. 40 ¶ 6.) She "thought that attending the two mediation sessions would be the proper next step for [her] to take in this case." (*Id.*) She also sent a letter to Sunhill a week following the mediation regarding further settlement discussions, but she never received a response from Sunhill. (*Id.* at ¶ 7.)

At some point during these events, Sunhill reached a settlement with Plaintiff.

In late July 2013, the Clerk granted Sunhill's request for entry of default against Chau. After receiving email notice of the default, Chau made an appointment with the Legal Help Center. On October 21, 2013, Chau met with an attorney from the Legal Help Center, "who explained to [her] that [she] was required to file an Answer to [Sunhill's] Impleader, in addition to attending the mediation sessions." (*Id.* at ¶ 12.) "Until the meeting with the attorney at the Legal Help Center, [she] was not aware that [she] was required to file an Answer to the Impleader." (*Id.*) This motion followed.

//

//

2

# DISCUSSION

"Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) ("*Mesle*") (internal quotation marks and alterations omitted). Pursuant to Federal Rule of Civil Procedure 55(c), a district court may set aside the entry of default upon a showing of good cause. "To determine 'good cause', a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Mesle*, 615 F.3d at 1089 (internal quotation marks and alterations omitted). Although these factors are disjunctive, such that a court may decline to vacate a default judgment upon a finding of any one of the factors, district courts are not required to deny a motion to set aside a default judgment upon a finding of any of the factors. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011) ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not.").[1]

Sunhill does not contest that Chau satisfies the first and third factors; instead, Sunhill's opposition to the motion "focuses solely" on whether Chau has a meritorious defense. (Dkt. No. 43 at 1.) The Ninth Circuit has explained the meritorious defense factor as follows:

> A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation.

---

[1] Sunhill cites *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) for the proposition that "a default judgment will not be set aside if any one of these requirements is not met." (Dkt. No. 43 at 2.) Sunhill is incorrect. The *Alan Neuman* court merely held that the district court did not abuse its discretion in denying the defendant's motion to set aside default judgment because the finding that the defendant was culpable in failing to answer was not clearly erroneous; the court did not hold that the district court was *compelled* to deny the motion based on the culpability finding. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108-09 (9th Cir. 2000), similarly held that the district court did not abuse its discretion in refusing to vacate the default. The court did not hold that the court would have abused its discretion if it chose to vacate the default.

3

1  *Mesle*, 615 F.3d at 1094 (internal quotation marks and alterations omitted).

2       Chau argues that she has, at the very least, a meritorious partial defense because when she
3 began renting the restaurant from Sunhill in January 2000, the restaurant "did not include any of the
4 features required for ADA-compliance that formed the basis of this suit." (Dkt. No. 39 at 5.)
5 Although Chau does not cite to any provision in the lease supporting her defense, she asserts that "[a]s
6 a matter of equity, landlords may not side-step the responsibility of civil rights compliance under the
7 ADA by simply renting out their properties to tenants who are at a significant disadvantage with
8 regard to resources, bargaining power, and/or legal sophistication." (Dkt. No. 44 at 3.)

9       A landlord and a tenant may, as between them, allocate responsibility for complying with the
10 ADA by lease. *See Botosan v. Paul McNally Realty*, 216 F.3d 827, 833 (9th Cir. 2000). While
11 Sunhill asserts that Paragraph 5.3 in the lease requires Chau to comply with all "Governmental
12 Requirements," including the ADA, at her "sole cost and expense," (Dkt. No. 43 at 1 (citing Dkt. No.
13 43-1)), Sunhill's opposition does not directly respond to Chau's defense that she is nonetheless not
14 entirely responsible for the ADA violations since they already existed when she signed the lease
15 almost 14 years ago. Further, there does not appear to be any language in the lease that, for purposes
16 of Rule 55(c), forecloses Chau's proposed defense as to ADA violations that existed at the time the
17 lease was formed. The Court is thus not persuaded that Chau's responsibilities under Paragraph 5.3
18 include all preexisting ADA violations as a matter of law; they may, but it has not been conclusively
19 established. The Court accordingly concludes that Chau has satisfied her burden to allege facts that, if
20 true, constitute a meritorious defense.

21       This conclusion is buttressed by the lack of "extreme circumstances" in this action that justify
22 foregoing resolution of this dispute on the merits. *See Mesle*, 615 F.3d at 1091-92 (finding that
23 district court abused its discretion in denying plaintiff's Rule 55(c) motion where the court omitted
24 any mention of the "extreme circumstances" requirement). As the undisputed facts show, Chau
25 appeared in this action, attended the initial (and only) case management conference, attended
26 mediation, and sought out assistance from the Legal Help Center upon learning of the entry of default.
27 Chau asserts that she did not answer the Third-Party Complaint because she was unrepresented by
28 counsel and was unaware that she was required to do so. "There is nothing extreme about these

4

circumstances: [Chau] displayed a quite ordinary ignorance of the law, but nothing to warrant the 'drastic' step of denying h[er] motion to set aside the default." *Id.* at 1092.

To the extent Sunhill argues that these circumstances are "extreme" because Chau "took no effort to deal with [the default]" for three months after learning about it (Dkt. No. 43 at 2), the Court notes that Chau's declaration states that she went to court and made an appointment with the Legal Help Center "[a]fter receiving notice of the Entry of Default" in late July. (Dkt. No. 40 ¶ 11.) She met with an attorney from the Legal Help Center on October 21, 2013. The record is not clear as to what caused the delay between Chau's notice of the entry of default and her appointment with the Legal Help Center. However, given the natural delay that would be expected to occur in coordinating such an appointment, the Court is not persuaded that the three-month delay constitutes an "extreme circumstance" justifying denial of Chau's motion.

## CONCLUSION

For the reasons stated above, Chau's motion to set aside default is GRANTED. In addition, **the Court sets a further Case Management Conference ("CMC") for December 19, 2013 at 1:30 p.m.** in Courtroom F, 15th Floor, U.S. District Court, 450 Golden Gate Ave., San Francisco, California. The parties shall submit a joint CMC statement no later than one week before the CMC.

IT IS SO ORDERED.

Dated: December 3, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

5